PUBLISH

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.: 14-cv-01493-REB-KLM

LORENA GARCIA

      Plaintiff,

v.

CENTURY SURETY COMPANY, an Ohio Corporation

      Garnishee/Defendant.

---

## ORDER DENYING MOTION FOR REMAND

---

**Blackburn, J.**

    The matter before me is plaintiff's **Motion For Remand** [#13],[1] filed August 25,

2014.  I deny the motion.

## I.  JURISDICTION

    I putatively have subject matter jurisdiction pursuant to 28 U.S.C. § 1332

(diversity of citizenship).

## II.  STANDARD OF REVIEW

    The federal removal statute provides that "any civil action brought in a State court

of which the district courts of the United States have original jurisdiction, may be

removed by the defendant or the defendants, to the district court of the United States for

the district and division embracing the place where such action is pending."  28 U.S.C. §

---

[1]  "[#13]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

1441(a).  A motion to remand the case based on any defect other than subject matter

jurisdiction must be filed within 30 days of the filing of the notice of removal; a motion to

remand based on lack of federal subject matter jurisdiction may be filed at any time prior

to the entry of final judgment.  28 U.S.C. § 1447(c).  If the court finds that remand is

appropriate and that the removing party lacked an objectively reasonable basis for

removal, costs – including attorney fees – may be awarded as well.  *Martin v. Franklin*

*Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005); *Porter*

*Trust v. Rural Water Sewer and Solid Waste Management District No. 1*, 607 F.3d

1251, 1253 (10th Cir. 2010).

This case involves the removal of a writ of garnishment in a third-party insurance

case.  Colorado's garnishment procedures are set forth in Colorado Rule of Civil

Procedure 103, and have been summarized by the courts as follows:

> The judgment creditor attempting to collect on the judgment
> debt bears the burden of proving the existence and validity
> of the indebtedness of the garnishee.  Accordingly, the
> garnishee is treated in the same manner as if it had been
> sued directly on the debt by the judgment debtor and is thus
> entitled to deny the indebtedness to the judgment debtor, to
> engage in discovery, and to have a hearing at which the
> judgment creditor must prove the allegations by a
> preponderance of the evidence. The parties may offer expert
> testimony and also may rely on portions of the record in the
> underlying tort case.

*Hoang v. Monterra Homes (Powderhorn) LLC*, 129 P.3d 1028, 1033 (Colo. App. 2005)

(internal citations omitted).  The ultimate question in this case is whether the damages as

to which plaintiff has recovered judgment are covered by the policy of insurance.  *See*

*Bohrer v. Church Mutual Insurance Co.*, 965 P.2d 1258, 1266 (Colo. 1998).

2

## III.  ANALYSIS

Plaintiff is the holder of a judgment entered in April 2014 by the district court of Weld County, Colorado.  Defendant was not a party to that litigation, but plaintiff alleges that the policy of insurance which defendant issued to the judgment debtors is liable to satisfy the judgment against them.  Defendant previously filed suit in the federal district court seeking a declaration to the contrary.  (*See Century Surety Co. v. Smith et al.*, Civil Action No. 14-cv-00947-RM-MJW.)  Five weeks later, plaintiff filed two writs of garnishment directed to defendant in the state court case.  Defendant removed that action to this court.  Plaintiff now seeks remand.

Initially, I note that plaintiff's motion for remand was filed more than 30 days after the case was removed to this court.  Plaintiff therefore has waived her right to seek remand on the basis of any alleged defect other than lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Farmland National Beef Packing Co., L.P. v. Stone Container Corp.*, 98 Fed. Appx. 752, 756 (10th Cir. April 16, 2004) ("[T]he thirty-day period binds the district court as well as the party opposing removal.").  I thus do not consider plaintiff's arguments regarding whether the "service of suit" clause of the insurance policy prevents defendant from removing, as the right to complain of any such defect has been forfeited.

By contrast, plaintiff's claims that this case does not constitute a "civil action" within the meaning of 28 U.S.C. § 1441(a) do implicate the court's subject matter jurisdiction.[2] "It is a well settled rule that a suit which is merely ancillary or supplemental to another

---

[2] Contrary to defendant's intimation, this requirement is clearly jurisdictional.

action cannot be removed from a state court to a federal court." *Western Medical Properties Corp. v. Denver Opportunity, Inc.*, 482 F. Supp. 1205, 1207 (D. Colo. 1980).  Relying primarily on the holding of *Western Medical Properties*, plaintiff urges me to conclude, based on the characterization of garnishment as an ancillary proceeding under Colorado law, that it is not a "civil action" capable of being removed.  I decline that invitation.

I find the rationale of *Western Medical Properties* problematic for several reasons.  First, although the *Western Medical Properties* court perceived a split in authority as to whether federal or state law should control the characterization of the underlying proceeding as ancillary *vel non*, the issue strikes this court as more nuanced.  Instead, the issue is more properly characterized as one of federal law which may be informed, but not controlled, by state standards.  *See, e.g.*, *Stark-Romero v. National Railroad Passenger Co.*, 763 F.Supp.2d 1231, 1248-49 (D.N.M. 2011); *Scanlin v. Utica First Insurance Co.*, 426 F.Supp.2d 243, 248 (M.D. Pa. 2006); *Smotherman v. Caswell*, 755 F.Supp. 346, 348-49 (D. Kan. 1990).  *See generally* 14B WRIGHT ET AL., *Federal Practice & Procedure, Jurisdiction* § 3721 at 36-37(4th ed. 2009 & Supp. 2010) [hereinafter "*FPP*"].  This interpretation makes sense – as a federal law governing access to a federal tribunal, the removal statute must be subject to a uniform, nationwide interpretation:

> The removal statute which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied.  Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts.

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214 (1941).  *See also Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580, 74 S.Ct. 290, 98 L.Ed. 317 (1954) ("[A state statute's] procedural provisions cannot control the privilege or removal granted by the federal statute.").  I thus find this line of authority to be better reasoned and more in keeping with the nature and purposes of the removal statute, and thus consider "the state characterization [of the proceeding as ancillary] as weighty but not conclusive."  *FPP* § 3721 at 37.

The law of the Tenth Circuit is not clearly to the contrary either.  It is true that in *London & Lancashire Indemnity Co. v. Courtney*, 106 F.2d 277 (10th Cir. 1939), to which the *Western Medical Properties* decision cites, the court did look to the characterization of garnishment proceedings under Oklahoma law to inform its determination that the case there was a separate and independent action, and thus properly removed.  *Id.* at 283.  A subsequent decision which relied on *Courtney*, however, was not so limited.  Instead, in *Adriaenssens v. Allstate Insurance Co.*, 258 F.2d 888 (10th Cir. 1958), the court found that removal of two related garnishment actions was appropriate because they were "original and independent actions between the holders of the judgments and the insurer" in which the issues to be tried were different from those decided in the original suit.  *See id.* at 889-90.  Other district courts in this circuit have also concluded that the law of the circuit is not beholden to state law in the manner suggested by *Western Medical Properties*.  *See, e.g.*, **Memorandum Opinion and Order**, *Old Republic Insurance Co. v. Eclipse Aviation Corporation*, No. CV 12-323-RB-RHS (D.N.M. Aug. 9, 2012) (Brack, J.) (**Def. Resp. App.**, Exhibit D); *Smotherman*, 755 F.Supp. at 348-49 &n.1.  I thus do not believe that the Tenth Circuit

5

would consider Colorado's characterization of garnishment as an ancillary proceeding to be dispositive *ipso facto* of the federal issue of removal.

The ***Adriaenssens*** decision also highlights another point on which I disagree with the analysis of ***Western Medical Properties***: the reliance on the mere label "ancillary" is too simplistic. ***See Harding Hospital v. Sovchen***, 868 F.Supp. 1074, 1078 (S.D. Ind. 1994). For although a writ of garnishment is filed in aid of execution of the judgment, plaintiff's claims against defendant here are wholly distinct from the claims on which she prevailed at trial. The case now must focus, not on the negligence of the judgment debtors, but on whether defendant is liable to compensate plaintiff as a result of that negligence under the terms of the policy of insurance. Defendant is entitled to contest its liability for the judgment in the garnishment proceedings. It may seek discovery and is entitled to an evidentiary hearing at which plaintiff must prove her claims by a preponderance of the evidence. ***See C.R.C.P.*** 103 §§ 4 & 6; ***Maddalone v. C.D.C., Inc.***, 765 P.2d 1047, 1049 (Colo. App. 1988).

The substance of those underlying proceedings must prevail over the label affixed by state court practice. Both the Tenth Circuit and other federal courts have recognized that in such circumstances – where the state court procedures contemplate adversarial testing of disputed issues not previously decided by the state court and implicate a party not previously subject to the jurisdiction of the state court – removal is proper. ***See Adriaenssens***, 258 F.2d at 889-90; ***Connecticut Bank of Commerce v. Republic of Congo***, 440 F.Supp.2d 346, 351 (D. Del. 2006); ***Scanlin***, 426 F.Supp.2d at 250; ***Harding Hospital***, 868 F.Supp. at 1078. ***See also FPP*** § 3721 at 36. I concur with these decisions and conclude that the garnishment proceedings in this case

6

constitute separate civil actions which defendant was entitled to remove.  Thus, the motion to remand must be denied.

### IV.  ORDERS

**THEREFORE, IT IS ORDERED** that plaintiff's **Motion For Remand** [#13], filed August 25, 2014, is **DENIED**.

Dated October 17, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge