IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01493-RM-MJW

LORENA GARCIA,

Plaintiff-Garnishor,

v.

CENTURY SURETY COMPANY, *an Ohio corporation*,

Defendant-Garnishee.

**ORDER ON CENTURY SURETY COMPANY'S MOTION TO DISMISS THE TRAVERSE AND AMENDED TRAVERSE WITH PREJUDICE (Docket No. 26)**

**and**

**ORDER STAYING CASE**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before the Court on District Judge Raymond P. Moore's Order of Reference (Docket No. 37) and Order Reassigning Magistrate Judge (Docket No. 46). There is one motion pending: Century Surety's Motion to Dismiss the Traverse and Amended Traverse with Prejudice. (Docket No. 26, referred by Docket No. 29.)

## Background

William Smith and Schneider Energy Services operated a gas well in Weld County, Colorado. In 2007, the well exploded in flames—burning and ultimately killing Reyes Garcia. Garcia's widow sued in state court for wrongful death, winning a multimillion-dollar jury verdict well in excess of Smith's and Schneider Energy's insurance coverage.

Smith's insurance company, Century Surety, defended Smith and Schneider Energy in that lawsuit—under a reservation of rights. *See Hecla Mining Company v. N.H. Ins. Co.*, 811 P.2d 1083, 1089 (Colo. 1991). Century Surety has since sued for declaratory judgment, disclaiming coverage. That case was brought in this Court and is docketed as Case No. 14-cv-00947. But Garcia nonetheless filed writ of garnishment in the underlying state-court action. Garnishment proceedings are recognized in Colorado as an appropriate venue for litigating coverage following a reservation-of-rights defense, *Bohrer v. Church Mut. Ins. Co.*, 965 P.2d 1258, 1266–67 & n.7 (Colo. 1998), and as a result Garcia's garnishment proceeding against Century Surety is duplicative of the declaratory judgment action in Case No. 14-cv-00947.[1] Century Surety removed the garnishment proceeding to this Court, where it is docketed as Case No. 14-cv-01493. District Judge Robert E. Blackburn determined that the Court had subject-matter jurisdiction over the garnishment proceeding and declined to remand to state court. *Garcia v. Century Sur. Co.*, ___ F. Supp. 3d ___, 2014 WL 5314693 (D. Colo. Oct. 17, 2014).

## **Motion to Dismiss Traverse**

The garnishment proceedings are currently before the Court on Century Surety's motion to dismiss the traverse. (Docket No. 26.)

In Colorado, after a writ of garnishment is filed, the putative garnishee must file an answer or else face default. C.R.C.P. 103(7). If an answer is filed, the judgment-

---

[1] Both cases turn on whether Century Surety owes a duty to indemnify for the state-court judgment. The cross-claims and counterclaims in Case No. 14-cv-00947 are not at issue in the garnishment action, but most of those cross- and counterclaims also turn in part on this issue of coverage.

creditor must respond with a traverse—at which point the matter is at issue—or else the answer is "accep[ted] . . . as true." C.R.C.P. 103(8).  These filings are handled with the same basic rules that apply to pleadings.  *See, e.g.*, *Stone v. Chapels for Meditation, Inc.*, 519 P.2d 1233, 1234 (1974) (assuming well-pleaded factual allegations to be true, for purposes of motion to dismiss traverse for failure to state a claim).

The traverse must be filed by the later of (1) 21 days after the answer is filed, or (2) 21 days after the answer *should have been* filed.  C.R.C.P. 103(8)(a).  Here, Garcia served writs of garnishment on May 29, 2014, and June 2, 2014, making Century Surety's answers due on June 12 and June 16, 2014.[2]  Garcia's traverses to those answers were thus due on July 3 and July 7, 2014.  Garcia did not file a traverse until October 31, 2014, and Century Surety thus moves to have the traverse dismissed as untimely.

Garcia's first argument in opposition is to deny that the 21-day deadline under C.R.C.P. 108(a) applies; instead, Garcia argues that there is no deadline, because the Federal Rules of Civil Procedure govern the question and no federal rule places a deadline on this particular sort of filing.  (Docket No. 36, pp.6–8.)  Garcia is mistaken.  The Tenth Circuit has repeatedly held that, in judgment-enforcement proceedings under Fed. R. Civ. P. 69(a), federal courts apply both the substance and the procedure of the underlying state's judgment-enforcement proceedings.  *Strong v. Laubach*, 371 F.3d 1242, 1247 (10th Cir. 2004).  The Federal Rules of Civil Procedure apply *only* if the

---

[2] Century Surety actually answered the writs on June 6, 2014.  However, under C.R.C.P. 103(8)(a), the deadline for filing a traverse is the *greater of* 21 days after the answer's due date or actual filing date.  Century Surety therefore does not accelerate Garcia's traverse deadline by filing its answers early.

state's judgment-enforcement proceedings don't provide an answer, and resort must be made to general procedural rules. *Id.*

Garcia's next argument is that, under either Colorado law or Federal law, her tardiness should be forgiven for excusable neglect (or under some similar standard). Century Surety disputes the availability of such relief, arguing that C.R.C.P.'s deadline is iron-clad and divests the Court of such discretion. (Docket No. 26, pp.3–6.) Here, Century Surety is mistaken. Colorado does not treat the traverse-filing deadline as non-enlargeable. *Stollins v. Shideler*, 11 P.2d 562 (Colo. 1932) (declining to deem answer to be admitted where good cause existed for untimely traverse, under materially identical predecessor rule); *Porter v. Rodriguez*, Case No. 07CA1533, 2008 WL 4744230 (Colo. App. Oct. 30, 2008) (unpublished) (considering relief under C.R.C.P. 60(b) but finding relief unwarranted); *see also Hoyman v. Coffin*, 976 P.2d 311, 313 (Colo. App. 1998) (holding the question to be non-jurisdictional and stating, in dicta, that untimeliness "subjects the traverse to dismissal at the discretion of the trial court").

Moreover, although Garcia does not mention it, Century Surety overstates the effect of dismissing the traverse—asking that the Court dismiss the entire garnishment action. (Docket No. 42, p.1.) But dismissing the traverse simply requires that Century Surety's answer be deemed "to be true." C.R.C.P. 103(8)(a). Because these papers are treated as pleadings, *see Stone*, *supra*, such relief would deem only the well-pleaded factual allegations to be conceded, *see* C.R.C.P. 107(b)(1) (requiring proceeding to determine liability *after* garnishee's default); C.R.C.P. 108(b)(2) & (3) (requiring determination of liability *after* evidentiary hearing on whether traverse's statements "shall be deemed admitted or denied"). As with default judgment following a

clerk's entry of default, the Court would not accept the legal conclusions to be true and would still need to construe the insurance policy before dismissing the writ of garnishment.  *Cf. Purzel Video GmbH v. Smoak*, ___ F. Supp. 3d ___, 2014 WL 4947676, at *6 (D. Colo. Oct. 1, 2014) (entry of default under Fed. R. Civ. P. 55(a)).

The Court concludes that an untimely traverse can be filed under the authority of either Rule 6(b) (leave to extend time after the deadline has passed) or Rule 60(b) (relief from final judgment, order, *or other proceeding*).  Garcia argues that she has shown excusable neglect based on confusion over whether state or federal rules of procedure applied.  The Court is skeptical of this argument, especially in light of Garcia's sustained tardiness throughout this garnishment action.  (*See* Docket No. 16 (Judge Blackburn, noting the tardiness of Garcia's motion to remand).)  However, the Court also notes that the parties have three parallel cases pending in this Court; in addition to Century Surety's declaratory action and this removed garnishment proceeding, Garcia filed her own declaratory action in state court that has now been removed.  The Court might be inclined to find excusable neglect more easily in such circumstances.

But more immediately, the Court is not keen on resolving disputed factual issues cutting across three parallel cases based on one procedural default.  The Court finds that the better course of action is to deny Century Surety's motion without prejudice and to stay proceedings in this case, pending the outcome of the first-filed case.  Upon completion (or substantial completion) of the case at 14-cv-00947, the parties may move to lift the stay in this matter and, if need be, Century Surety may re-file its motion to dismiss the traverse.

6

## ORDER

For the foregoing reasons, it is hereby **ORDERED** that:

(1)     Defendant-Garnishee Century Surety Company's Motion To Dismiss The Traverse and Amended Traverse with Prejudice (Docket No. 26) is DENIED WITHOUT PREJUDICE; and

(2)     All proceedings in this case are STAYED pending the outcome of Century Surety v. Smith, Case No. 14-cv-00947-RM-MJW.


Dated: April 7, 2015                                */s/ Michael J. Watanabe*
       Denver, Colorado                             Michael J. Watanabe
                                                    United States Magistrate Judge